APPENDIX
APPENDIX
APPENDIX

APPENDIX
APPENDIX
APPENDIX

5-3-15

Dear Sir or Ma'am,

    I am an inpatient inmate housed on one of several psychiatric wards here at the Montford Hospital Prison Unit ▬▬ in Lubbock, TX. My diagnosis is schizoaffective disorder. I am somewhat stable now since I diligently take my medications. From what I've read in a few of the self-help ▬▬ legal books, that I own, I am covered by the A.O.A. as well as all the other inpatient psychiatric inmates housed at the Montford Unit.

    The issue that I am asking you to investigate is regarding the blatent denial of access to the Offender Telephone System for all of the offenders housed on the psychiatric wards here at Montford. There are OTS phones installed on the trustee camp and regular hospital areas of the unit. There are none installed on the psych. wards. We are only allowed to place one five minute phone call every 90 days using a TDCJ-owned phone to call collect. Before being admitted to the Montford Unit, I had adequate access to the OTS at my regular unit of assignment. That privlaged access was taken away from me simply for admitting that I was suicidal and was admitted here.

    Being admitted here, I started on Level 1. That being the most restrictive, of privileges, while housed on a psych. ward. Level 4 is the least restrictive. I earned my way to a Level 3. Some of the property items that I am allowed to have on Level 3 is my radio and headphones. I am telling you this because one of the reasons that

the staff here has given me is that a suicidal inmate could wrap the phone cord around his neck. First, the OTS phone cords are way to short to do such a thing. Second, the OTS phones could be installed in the common/dayroom areas on each psych. pod/ward. These common areas are constantly under the direct observation of one nurse and a minimum of two correctional officers. Third, level 3 and 4 offenders are the only ones that should be allowed access to the OTS since they are deemed more stable than Level 1 and 2's. Finaly, the radio I have has a cord that is signifacantly longer than an OTS phone cord and can be used for purposes that I need not describe. The radio is in my cell with me and cells are only observed every 30 minutes thru a window. Again, I am on Level 3. So I am trusted to have access to my radio.

It is devices that we are being discriminated against. There's no justifiable reason why we cannot be given access to the OTS. In fact, the Montford Unit is violating its own policy regarding access to the OTS. TDCJ Executive Directive ED-03.32 (rev. 2) - Offender Access to Telephones, Section 3(A)(2) says that "offenders in a psychiatric inpatient program of Developmental Disabilities Program shall be allowed access to the OTS in accordance with the offender's treatment plan."

I just recently filed a Step 2 grievance regarding this issue. If the Step 2 is returned to me and is not ruled in my favor, then I will have exausted my state remedies and

file
could an ADA and/or section 1983 claim in federal court.
I am just not shure that, as an inmate proceeding pro-se,
that I can win. I will proceed on my own if I absolutely
have to because I have talked to my mother only once
since being admitted and that was when she drove all
the way from Terrell, TX to Lubbock to visit me. I
am serving a 36 year sentence and am not eligible for
parole until April 2027. My mother will be 58 years
old later this year. My mother is healthy. But she could
very well not be alive by the time I am granted parole.
I cherish every moment that I get to talk to her and
when she visits.
   I pray that I am not wasting your time. I believe
I have a valid ADA claim.

   Please help us!

                              Sincerely

                              Toby K. Payne #1720023
                              Montford Unit
                              8602 Peach St.
                              Lubbock, TX 79404

3 of

Toby K. Payne #1720023
John T. Montford Unit
8602 Peach St.
Lubbock, TX 79404
(806) 745-1021

TO: Office for Civil Rights
    Office of Justice Programs
    U.S. Department of Justice
    810 7th Street N.W.
    Washington, D.C. 20531

Friday, September 18th, 2015

RE: Ongoing Violations of the Americans With Disiabilities Act at the John T.
    Montford Unit

Dear Sir or Ma'am:

   I am an inmate currently assigned as an inpatient psychiatric offender at
the John T. Montford Unit, Texas Department of Criminal Justice, Criminal
Institutions Division. The Senior Warden here is Robert K. Stephens. I believe
that I have identified possibly three or more violations of the Rehabilitation
Act and/or the Americans With Disabilities Act here at the Montford Unit. I
have formaly compained about the denial of access to the Offender Telephone
System via the TDCJ grievance system. However, the grievance system is very
frustating because as an inmate, we never win the arguement.

   I arrived here sometime during the first week of October 2014 after
attempting suicide on my regular unit of assignment (Neal Unit, Amarillo, TX).
I have been diagnosed with schizoaffective disorder. It is an acute combination
of psychosis and bipolar disorder. I have been somewhat stabilized by medications
and therapy. However, my crime resulted in the death of my two year old son.
Dr. Kristi Compton Ph.D. found that I succumbed to a psychotic break at the
time of the murder. I am not receiving any specific therapy for grief. All
that has been done is that I have been handed a grief packet to read. I have
decided that I may never completely stabilize from the loss of my son. I just
have to learn to manage it. I will be forever remorseful for how I affected
everyone who knew my son.

   Since arriving here at the Montford Unit, I have noticed many violations
of basic human moral standards. Below is a list of some violations that I have
discovered:

        --We do not have access to the Offender Telephone System. There are
          no OTS phone installed on the psychiatric wards. Long Term Care
          offenders in the hospital ward do have access to the OTS as well
          as offenders housed at the trustee camp here at Montford.

--We are not allowed to go outside. The last time that I breathed fresh air was when I stepped out of the van after being transported here in October 2014.

--We do not have access to any religious activities. However, the chaplain will come and talk to us, he will pass out certain religious reading material, & he will pray with us. But we are not provided any church services at all.

--The officer staff is often insensitive to the fact that we have psychological disorders. They are required to undergo 40 hours of psychological training prior to being hired. However, they are not required to undergo any psychological refresher courses during their entire employment.

--Almost all other units of regular assignment are provided cable/satellite TV services. Here at the Montford Unit, we are provided only a limited number of broadcast TV stations.

Please read the attached grievances. The initial Step 2 that I filed was sent back to me because of an "excessive attachment". That attachment is included. I also included the second Step 2 that I filed on the OTS. They never directly addressed the real issue. You will read TDCJ-CID policy and case law that I cited. The federal complaint could be easily certified as a class. I am willing to submit to an interview. I pray that you will be able to help us!

Thank you for your time and consideration.

Respectfully Submitted,

Toby K. Payne #1720023
T.D.C.J.-C.I.D.
Montford Unit

## COMPLAINT VERIFICATION INFORMATION

**Your name, address, and telephone number(s):**
Toby Kristopher Payne-#1720023
Tex. Dept. of Criminal Justice-C.I.D.
John T. Montford Unit
8602 Peach St.
Lubbock, TX 79404

(806) 745-1021

**Name, address, and telephone number(s) of person(s) who discriminated against you:**
Robert K. Stevens, Sr. Warden
Tex. Dept. of Criminal Justice-C.I.D.
John T. Montford Unit
8602 Peach St.
Lubbock, TX 79404
(806) 745-1021

**Name, address and telephone number(s) of agency or organization involved in your complaint:**
Texas Department of Criminal Justice, Criminal Institutions Division
***Direct address and telephone number unknown.

**Are there other persons or organizations involved in this discrimination case?** YES

**If YES, please give the names, addresses and telephone numbers below:**

NAME          ADDRESS         TELEPHONE
Texas Tech Health Services, (Direct address & telephone number unknown)

_____    _____    _____

**Which of the following describes the nature of the discrimination involved?**

__Race/Color  __National Origin  X Religion  __Sex  X Disability  __Age  __Sexual Orientation  __Gender Identity

**Does your charge of discrimination involve:**

| a. Your job or seeking employment? | **OR**     b. You using facilities or someone providing services/protection to you (or others)? |
|---|---|
| If yes, which of the following apply? | If yes, how? |
| Hiring | Brutality |
| Work Assignment | Harassment |
| Promotion | Language |
| Demotion | ✓Applying rules/laws differently ***** |
| Discipline | ✓Access to buildings/programs ***** |
| Layoff/Recall | Retaliation |
| Retaliation | ✓Different standards/opportunities/programs ***** |
| Termination | Segregation |
| Other (Specify) | Other (Specify) |

**Which month(s), day(s), and year(s) did the most recent discrimination against you take place?**

Beginning:    Month October  Day __  Year 2014

Ending:      Month____  Day __  Year ____  *ONGOING VIOLATION*

Doc 2

Explain in detail what happened and how you were discriminated against. State who was involved and show how other persons were treated differently from you. (Also, attach any written materials or documentation pertaining to your case.)

Please refer to my cover letter & attached Step 1 & Step 2 grievances.

Has the opposite sex or have persons of other races, national origin, religions, or disabilities been treated differently from you in this particular matter? YES   If yes, please explain and identify:

At the Montford unit, there are offenders who are assigned to the hospital ward under "Long Term Care" and they have access to the Offender Telephone System. However, I am not certain if they are allowed to go outside or not. The trustee camp here at the Montford Unit also have access to the Offender Telephone System.

Why do you believe this occurred?

I really do not have any idea. The staff here cites "security" reasons. The unit is double fenced and in some places triple fenced.

What other information do you think might be helpful to our investigation?

I would prefer to be interviewed privately.

If this complaint is resolved to your satisfaction, what remedy do you seek?

I would like to see inpatient psych. offenders allowed access to the Offender Telephone System, allowed to go outside, and allowed access to appropriate religious activities. It would also be beneficial to require that the officer staff go thru psychiatric refresher sensitivity courses.

Please list below any persons (witnesses, fellow employees, supervisors, or others) whom we might contact for additional information to support or clarify your complaint: Anyone who is an inpatient psych offender, on the mental health staff, and the officer staff could be interviewed.

| Name | Address | Telephone Number |
|------|---------|------------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Have you filed a case or complaint with any of the following? (Check the appropriate items.)

| | |
|---|---|
| ✓Civil Rights Division, U.S. Dept. Of Justice***** | State or local Human Relations Commission |
| U.S. Equal Employment Opportunity Commission | State Law Enforcement Planning Agency |
| Other Federal Agency | Attorney (Note the name and address above) |
| Federal or State Court | Other (specify) TDCJ-CID Grievance System |

For any item checked above, please provide the following information:

Name of Agency: U.S. Dept. of Justice, Civil Rights Division

Date Filed:  ???

Case or Docket Number: none

Date of Trial or Hearing:

Location of Agency or court:

Name of Investigator

Status of Case:

Additional comments: The Step 1 & Step 2's have been attached to this complaint.

DATE: 9-18-2015          SIGNED

(Continue any question on additional sheets if necessary)

(Please also complete and submit the Identity Release Statement)

Office for Civil Rights
Office of Justice Programs
U.S. Department of Justice
810 7th Street. NW
Washington, D.C. 20531

## COMPLAINANT CONSENT/IDENTITY RELEASE FORM

Your Name: TOBY KRISTOPHER PAYNE #1720023

Address: TEX. DEPT. OF CRIMINAL JUSTICE, C.I.D./JOHN T. MONTFORD UNIT

LUBBOCK _____ State TEXAS _____ Zip 79404

Complaint number(s): (if known) UNKNOWN

*Please read the information below, check the appropriate box, and sign this form.*

I have read the Notice of Investigatory Uses of Personal Information by the Department of Justice (DOJ). As a complainant, I understand that in the course of an investigation it may become necessary for DOJ to reveal my identity to persons at the organization or institution under investigation. I am also aware of the obligations of DOJ to honor requests under the Freedom of Information Act. I understand that it may be necessary for DOJ to disclose information, including personally identifying details, which it has gathered as a part of its investigation of my complaint. In addition, I understand that as a complainant I am protected by DOJ's regulations from intimidation or retaliation for having taken action or participated in action to secure rights protected by nondiscrimination statutes enforced by DOJ.

## CONSENT/RELEASE

☒ CONSENT - I have read and understand the above information and authorize DOJ to reveal my identity to persons at the organization or institution under investigation. I hereby authorize the Department of Justice (DOJ) to receive material and information about me pertinent to the investigation of my complaint. This release includes, but is not limited to, personal records and medical records. I understand that the material and information will be used for authorized civil rights compliance and enforcement activities. I further understand that I am not required to authorize this release, and do so voluntarily.

☐ CONSENT DENIED - I have read and understand the above information and do not want DOJ to reveal my identity to the organization or institution under investigation, or to review, receive copies of, or discuss material and information about me, pertinent to the investigation of my complaint. I understand this is likely to impede the investigation of my complaint and may result in the closure of the investigation.

_____     9-18-2015

SIGNATURE                              DATE

Doc 2

9

# Texas Department of Criminal Justice

**STEP 1**   **OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2015115022 |
| Date Received: | MAR 27 2015 |
| Date Due: | 05-06-15 |
| Grievance Code: | 301 |
| Investigator ID #: | I-2249 |
| Extension Date: | |
| Date Ret'd to Offender: | APR 10 2015 |

Offender Name: Toby K. Payne   TDCJ # 1720023
Unit: Montford   Housing Assignment: E2-08
Unit where incident occurred: Montford

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Treatment Team   When? over two weeks ago
What was their response? None
What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I wrote the treatment team several weeks ago asking how do I go about placing a telephone call to my family and still have not received a response. I am an offender housed in a psychiatric ward. I have noticed there are no telephones installed in the dayrooms for offender use like they are on a regular general population unit. So I assume that there is a certain procedure to be followed for an offender housed in a psychiatric ward to use a telephone. I need to know the following; 1) How long do I need to go without having a conviction for a major disciplinary violation before being approved to use the telephone? 2) If approved, who can I call? 3) Would I be using the Offender Telephone System to make the call or a TDCJ-owned phone to make a collect call? 4) How long will the phone call last? 5) Once I have successfully placed the call, how long before I can make another call? (END OF STATEMENT) MAR 27 2015

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.** To get proper answers to the questions that I have asked in this grievance. MAR 27 2015

**Offender Signature:** _____   **Date:** 3-26-2015

**Grievance Response:**

STAFF INDICATED A REQUEST WAS NEVER SUBMITTED CONCERNING A PHONE CALL.
HOWEVER YOU MUST NOT RECEIVE A CASE WITHIN A YEAR TO MAKE A CALL AND THEY
HAVE TO BE ON YOUR APPROVED VISITORS LIST. ALL CALLS WILL BE COLLECT CALLS FOR
A 5 MINUTE DURATION EVERY 90 DAYS. NO ACTION WARRANTED.

**Signature Authority:** _____  **Robert Stevens, Warden**   **Date:** 4/9/15

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language.
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant. Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Doc 2

MAY 18 2015



### Texas Department of Criminal Justice

## STEP 2     OFFENDER
### GRIEVANCE FORM

Offender Name: _Toby K. Payne_     TDCJ # _1720023_

Unit: _Montford_     Housing Assignment: _E2-08_

Unit where incident occurred: _Montford_

| OFFICE USE ONLY |
| --- |
| Grievance #: _2015 115022_ |
| UGI Recd Date: _APR 13 2015_ |
| HQ Recd Date: _APR 17 2015_ |
| Date Due: _5/18_ |
| Grievance Code: _301, 399_ |
| Investigator ID#: _I.1335_ |
| Extension Date: |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I submitted a Step 1 grievance concerning access to a telephone, either thru the Offender Telephone System (OTS) or a TDCJ-owned phone, for offenders housed on psychiatric wards here at the Montford Unit. Currently, there are no OTS phones installed on any of the psych. wards. However, there are OTS phones installed on the hospital ward and trustee camp here at the Montford Unit. I asked a staff member (who will remain anonymous) why this was so. She cited two reasons; 1) That a psych. patient could wrap the phone cord around his neck in a suicide attempt. 2) That talking to his family/friends could possibly upset him, making him suicidal. First, Level 3 and Level 4 psych. offenders are permitted to have their radios, hot-pots, and typewriters. Each of these items have a far longer cord than the OTS phones do. Level 3/4 psych. offenders are permitted to have these items because they are deemed more stable than Level 1 and Level 2 psych offenders. Second, all OTS phone calls are recorded. The warden(s) and whomever they designate, have instant access to these recordings. Each psych. ward has a Treatment Team and a Treatment Team Captain over them. If ever there were a concern for a psych. offender who seems upset after a phone conversation, any one of the supervising staff members could listen to that phone call. Then they could direct that psych. offender's social worker to counsel him and guide him on how to conduct a more pleasant phone conversation. To remove an offender's privileged access to the OTS, where said offender had access before being involuntarily or voluntarily admitted in a prison psych. hospital

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

**Appendix G**

Doc 2

12

Ward, is a direct violation of that offenders due process rights.
TDCJ Executive Directive 03.32 (rev. 2) Section 3(A)(2) says that "offenders in a psychiatric inpatient program or developmental disabilities program shall be allowed access to the OTS in accordance with the offenders treatment plan." (Continued on attached document)

**Offender Signature:** _____     **Date:** 4-13-15

**Grievance Response:**

**Signature Authority:** _____          **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☒ 4. Inappropriate/<u>Excessive</u> attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** S. Parmer, d. Parmer

**OFFICE USE ONLY**

**Initial Submission**               **CGO Initials:** OP
Date UGI Recd: 04 - 13 - 15
Date CGO Recd: 04 - 17 - 15
(check one)  ✓ Screened  ____ Improperly Submitted
Comments: Uvcessive attachments (SI)
Date Returned to Offender: MAY 06 2015  5-21-15

**2nd Submission**               **CGO Initials:** OP
Date UGI Recd: 2015115022
Date CGO Recd: 04-17-15
(check one) ✓ Screened  ____ Improperly Submitted
Comments: Uvcessive attachments
Date Returned to Offender: MAY 06 2015

**3rd Submission**               **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)

Appendix G

Doc 2

13

(Toby K. Payne #1720023, Montford Unit, Step 2 Grievance Continued)

So, is the "treatment plan" a blanket denial of access to the OTS for all offenders housed on psych. wards?

TDCJ ED-03.32 (rev. 2) Section 4(A)(3) says that, "In order to be eligible to place a call using a TDCJ-owned telephone, offenders shall not have been found guilty of any major diciplinary violations within the last 90 days ...... Why does the response in my Step 1 say one year?

The very fact that as an offender housed on a psychiatric ward, I am only able to make one 5 minute collect call every 90 days does not even meet the Fifth Circuits ruling in Martin v. Tyson, 845 F.2d 1451, 1458 (5th Cir. 1988) (one monitored telephone call every other day, with a non-monitored line for legal calls, met constitutional requirements).

Texas Gov't Code, Section 495.027(d) says ..., "The policies adopted under this section may not unduly restrict calling patterns or volume and must allow for an average monthly call usage rate of eight calls, with each call having on average duration of not less than 10 minutes, per eligible inmate."

Under TDCJ policy, Texas law, applicable case law and constitutional law, I am an eligible inmate.

It seems to me that being able to talk to my family/friends eventually could benefit my treatment. As a Level 3 psych. offender, I have earned the privilage of having access to the OTS.

To solve this very simple issue, two phones could be installed in one of the quiet dayrooms on each psych. ward. If there are safety concerns about Level 1 and Level 2 psych. offenders having access to these phones, then they must not be permitted to be in that one quiet dayroom.

Toby K. Payne #1720023
Montford Unit
4-13-15



JUN 25 2015

J.M. Rec._____



## Texas Department of Criminal Justice

# STEP 2     OFFENDER
## GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2015115022

UGI Recd Date: MAY 19 2015

HQ Recd Date: MAY 26 2015

Date Due: 6/25

Grievance Code: 301

Investigator ID#: I.1335

Extension Date: _____

**Offender Name:** Toby K. Payne        **TDCJ #** 1720023

**Unit:** Montford        **Housing Assignment:** E2-08   C2-09

**Unit where incident occurred:** Montford

---

*You must attach the completed Step 1 Grievance that ~~st~~ ed by the Warden for your Step 2 ~~~~ b~~~~*
*accepted. You may not appeal to Step 2 with a Step 1 tha ~~~~ en returned unprocessed.*

---

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

This is my 2nd submission of my Step 2 regarding Grievance #2015115022. It is
my contention that a one page attachment is not "excessive". This appears to
be a stall tactic. I submitted a Step 1 concerning access to a telephone, ei-
ther thru the OTS or a TDCJ-owned phone, for offenders housed on psych. wards
here at the Montford unit. Currently, there are no OTS phones installed on any
of the psych. wards. However, there are OTS phones installed on the hospital
ward and trustee camp. TDCJ Executive Directive ED-03.32(rev. 2) §3(A)(2) says
that "offenders in a psychiatric in patient program or developmental disabili-
ties program shall be allowed access to the OTS in accordance with the offend-
ers treatment plan." Is the "treament plan" a blanket denial of access to the
OTS for all offenders housed on psych. wards? TDCJ ED-03.32(rev. 2) §4(A)(3)
says that, "in order to be eligible to place a call using a TDCJ-owned teleph-
one, offenders shall not have been found guilty of any major diciplinary viol-
ations within the last 90 days..." Why does my Step 1 response say one year?
The very fact that as an offender housed on a psychiatric ward, I am only able
to make one five minute collect call every 90 days, does not even satisfy the
Fifth Circuts ruling in 'Martin v. Tyson, 845 F2d 1451, 1458 (5th. Cir. 1988)
(one monitored telephone call every other day, with a non-monitored line for
legal calls, met constitutional requirements). Texas Gov't Code §495.027(d)
says... "The policies adopted under this section may not unduly restrict calli-
ng patterns or volume and must allow for an average monthly call usage rate of
eight calls, with each call having an average duration of not less than 10 mi-
nutes, per eligible inmate." The TDCJ Executive Directives mentioned above
deem me as an eligible inmate! PLEASE ALLOW ACCESS TO THE OTS FOR ALL ELIGIBLE
OFFENDERS ON THE PSYCH. WARDS HERE AT THE MONTFORD UNIT.
(END OF STATEMENT)

---

**I-128 Front** (Revised 11-2010)        **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**        (OVER)

Appendix G

Doc 2

_____

_____

_____

_____

_____

**Offender Signature:** _____   **Date:** MAY 18TH, 2015

**Grievance Response:**

This office has reviewed your Step 1 grievance investigation and response and found it to be appropriate and correct.  Sgt. Arismendez with the treatment team provided the answers you were requesting concerning phone calls. Be advised that your grievance was properly screened. The policy states that only official documents that support your claim, (such as I-60's, sick call requests, property papers, and other similar items) may be attached to your grievance. No further action warranted.

**Signature Authority:** _____ MARK ROTH   **Date:** JUN 1 1 2015

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.***

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

2015 SEP 28 PM 4:19

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2ⁿᵈ Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3ʳᵈ Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

Doc 2

I-128 Back (Revised 11-2010)                                    **Appendix G**

16

Toby K. Payne #1720023
Tex. Dept. of Criminal Justice, C.I.D.
Montford Unit
8602 Peach St.
Lubbock, TX 79404
(LEGAL MAIL)

Office for Civil Rights
Office of Justice Programs
U.S. Department of Justice
810 7th Street N.W.
Washington, D.C. 20531





**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER
GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2016160363

UGI Recd Date: AUG 0 1 2016

HQ Recd Date: AUG 0 2 2016

Date Due: 9-10

Grievance Code: 301

Investigator ID#: J2434

Extension Date:

Offender Name: Toby K. Payne                TDCJ # 1720023

Unit: Clements          Housing Assignment: 12-C-65 (CMI)

Unit where incident occurred: Clements

*You must attach the completed Step 1 Grievance tha~~  ~~igned by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 th~~  ~~turned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response u Step 1 because...*

Yes, on Saturday, July 9th, 2016, I was allowed to place a phone call to my mother. The system used was not the same Offender Telephone System ("OTS") used in general population. There was officer across the desk listening to the entire phone call using a "spliced" telephone as the call was taking place. Although the phone calls placed on the OTS in general population are recorded and can be listened to, having an officer actively listening to a phone call and sitting across from me does not affor me the same "sudo" privacey as did placing a phone call using the OTS in general population. I was told that I only had 10 minutes to speak with my mother. Each phone call using the OTS in gen. pop. lasts 20 minutes and I can place as many phone calls every day as money allows. Here in CMI using this other method, I am only allowed one 10 minute phone call every 90 days. This disparity seriously violates ADA laws and does not come close to satisfying the policies and laws mentioned in my Step 1 on this issue. The same OTS phones used in general population should be installed in the dayrooms of the CMI pods on 12 building.***(END OF STATEMENT)***

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

Doc 3

18

Offender Signature: _____   Date: Thursday, July 28th, 2016

Grievance Response:

Your Step 1 grievance investigation and response has been reviewed by this office and found to be appropriate and correct. Your requested remedy for your step 1 grievance has been fulfilled by you being allowed to call your mother on 07-09-16 per policy. You have presented issues in your step 2 grievance that were not included in your step 1 grievance, and will not be addressed.  No evidence of staff misconduct or policy violation found; therefore no further action warranted.

**MARK ROTH**

Signature Authority: _____   Date: _____ AUG 1 0 2016

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)                                        **Appendix G**

Doc 3

19

# Texas Department of Criminal Justice

# STEP 1   OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2016167742

Date Received: JUN 27 2016

Date Due: 8·6·16

Grievance Code: 814

Investigator ID #: I2174

Extension Date: ___

Date Retd to Offender: JUL 21 2016

Offender Name: Toby K. Payne          TDCJ # 1720023

Unit: Clements      Housing Assignment: 12-C-65 (CMI)

Unit where incident occurred: Clements

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Haney          When? Thursday, June 23, 2016

What was their response? Verbaly refused phone call

What action was taken? Officer Haney lied and told supervisor that I refused my phone call JUN 27 2016

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grivance is to be attached to my current grievance (Grievance # unknown) regarding a telephone call that I recently filed. On Thursday, June 23rd, 2016 and at or around 8:30pm, Officer Haney (I am not sure of the name but I can describe him as caucasion, heavy set, wears glasses and has a mustache.) woke me up out of my sleep and asked me if I wanted to make a phone call. I said yes I do. Please give me a minute to wake up and get ready. (I only had boxers on at the time and I wanted to splash water on my face to help me wake up. I did not want to call my mother with a groggy mind.) While sitting up on my bunk waiting for my mind to clear up, Officer Haney was still at the door staring at me. I asked him again if he would please give me a minute to get ready because I also had to urinate. He still stood at the (my) cell door watching me. I said, "are you going to stand there and watch me get ready?" His response was, "You're sure right." He walked off and told supervisors that I refused my phone call. His report to his supervisor was an outright lie. I haven't spoken to my mother since December 2014 and I absolutely would not turn down an opportunity to talk to her. The response to this grievance will be filed and attached to my complaint to the U.S. Department of Justice, Office for Civil Rights, Payne v. Tex. Dep't of Criminal Justice, Case No. 15-OCR-1258 which is still active. Attorney Shelley Langguth is the attorney assigned to the complaint I just mentioned. ****(END OF STATEMENT)**** JUN 27 2016

---

I-127 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix F

Doc 3

20

JUN 27 2016

**Action Requested to resolve your Complaint.** *Please allow me to make my second attempt at a phone call to my Mother.*

JUN 27 2016

**Offender Signature:** _____   **Date:** Thursday, June 23, 2016

**Grievance Response:**

Your complaint has been investigated and findings reviewed.   Staff advised you were given two opportunities to be ready to make your telephone call and you did not get ready either time.  You may re-submit an I-60 request to the Major's Office to be placed on the telephone call list.   No evidence was substantiated to support your claim of staff misconduct. No further action warranted.

**Signature Authority:** _____   **D. Nash, Assistant Warden**   **Date:** JUL 2 1 2016

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**       ***Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.

☑ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix I

21



**Texas Department of Criminal Justice**

# STEP 2

## OFFENDER GRIEVANCE FORM

**Offender Name:** Toby K. Payne          **TDCJ #** 1720023

**Unit:** Clements          **Housing Assignment:** 12-C-65 (CMI)

**Unit where incident occurred:** Clements

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2016167742 |
| UGI Recd Date: | AUG 0 1 2016 |
| HQ Recd Date: | AUG 0 2 2016 |
| Date Due: | 9 10 |
| Grievance Code: | 814 |
| Investigator ID#: | I2434 |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

If I was given "two" opportunities to get ready to make a phone call, I did not hear it because as mentioned in the Step 1, I was asleep. When I was finaly awakened, Officer Haney, would not step aside from the window to my door so that I could urinate. Also, Officer Haney reported to his supervisors that I verbally refused ("VR'ed") my opportunity to place a phone call that evening when I did not. I simply asked him if he could step aside so that I could urinate and he left the pod and reported to his supervisors that I had VR'ed my phone call. Officer Haney is widely known to the inmates back here in CMI as being very calloused towards us. This grievance should come as no surprise to staff.***(END OF STATEMENT)***

Doc 3

22

Offender Signature: _____   Date: Thursday, July 28th, 2016

Grievance Response:

Your Step 1 grievance investigation and response has been reviewed by this office and found to be appropriate and correct. You were instructed twice by officer Haney after being woken up to get ready for your phone call, but you failed to do so. Officer Haney was within policy to take your inaction as a form of refusal. No evidence of staff misconduct or policy violation found; therefore no further action warranted.

**MARK ROTH**

Signature Authority: _____   Date: AUG 1 0 2016

Returned because:   *Resubmit this form when corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Illegible/Incomprehensible.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
- ☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission                CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
  (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____

2nd Submission                CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
  (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission                CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
  (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

Doc 3

**I-128 Back** (Revised 11-2010)

*Appendix G*

23

Toby K. Payne #1720023
Clements Unit
9601 Spur 591
Amarillo, TX 79107

Thursday, August 25th, 2016

Attorney Shelley Langguth
Office for Civil Rights
Office of Justice Programs
U.S. Department of Justice
810 7th Street, NW
Washington, DC 20531

   Re: Payne v. Tex. Dep't of Criminal Justice (15-OCR-1258)

Dear Ms. Langguth:

   Enclosed are two more grievances (Step 1 & Step 2) that I received back last night. I just want you to be aware that I am staying on top of issues as best as I can. Thank you for your time!

Sincerely,

Toby K. Payne #1720023
Clements Unit
Amarillo, Texas

Doc 3

24

# Texas Department of Criminal Justice

# STEP 1    OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2016160363 |
| Date Received: | JUN 1 5 2016 |
| Date Due: | 7·25·16 |
| Grievance Code: | 301 |
| Investigator ID #: | 12108 |
| Extension Date: | |
| Date Retd to Offender: | JUL 2 6 2016 |

**Offender Name:** Toby K. Payne                          **TDCJ #** 1720023

**Unit:** Clements          **Housing Assignment:** 12-C-65 (CMI)

**Unit where incident occurred:** Clements

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Hardagree (Sent I-60)                     When? Thursday, June 9th, 2016

What was their response? None

What action was taken? None    JUN 1 5 2016

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is being filed under grievance code 301 Telephone Access. As stated above, I wrote Major Hardagree requesting that I be given permission to call my mother, Deborah (Debi) L. Flowers. She is on my visitation list and her phone number, (214) 557-1319, is on my approved Offender Telephone Service ("OTS") list. I have not heard from my mother since she last wrote on Wednesday, May 18th, 2016. At that time, she informed me of the sad news that one of my cousin's son had passed away and that she would be traveling to Colorado for the memorial service. My mother normaly writes at least every two weeks. I am quite sure that nothing has happened to my mother because my step-father has not called the unit to inform me of that. However, I want to be able to talk to my mother to be able to console her. This is the second child in our family that has passed away. My own son and now my cousin's son. I am sure that she is in shock. She is also probably trying to maintain a high level of productivity for a high level job. I have not verbally spoken to my mother since the weekend before Christmas 2014. She came to visit me at the Montford Unit while I was on the psychiatric ward. There are no OTS phones there as there are no OTS phones here in the Chronic Mentally Ill ("CMI") program. I am a G2 custody status and an S3 time earning status. I have had a clean diciplinary history for about two years. I have done nothing to be denied access to the OTS or a TDCJ owned phone and not be able to call my mother. This constructive denial violates U.S. & Texas Constitutional law, 5th Circuit case law & TDCJ Executive Directive 03.32 (rev. 2), TDCJ ED-03.32 (rev. 2) §3(A)(2) says that "offenders in a psychiatric inpatient program or developmental disabilities program shall be allowed access to the OTS in accordance with the offenders treatment plan." TDCJ ED-03.32 (rev. 2) §4(A)(3) says that "In order to be eligible to place a call using a TDCJ-OWNED phone, offenders shall not have been found guilty of any major diciplinary violations within the last 90 days...". Martin v. Tyson, 845 F.2d 1451, 1458 (5th Cir. 1988) says (one monitored telephone call every other day, with a non-monitored line for legal calls, met constitutional requirements). Texas Gov't Code, §495.027(d) says ..., "The policies adopted under this section may not unduly restrict calling patterns or volume and must allow for an average monthly call usage rate of eight calls, with each call having an average duration of not less than 10 minutes, per eligible inmate."****(END OF STATEMENT)*****    JUN 1 5 2016

---

**I-127 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**                          (OVER)

Doc 3

25

JUN 1 5 2016

**Action Requested to resolve your Complaint.**  Please allow me to call my mother per the laws, rules & policies stated in this grievance. JUN 1 5 2016

**Offender Signature:** _____   **Date:** Tuesday, June 14th, 2016

**Grievance Response:**

Your complaint has been investigated and findings reviewed.  Records show you made a phone call on 7-9-16.  No further action warranted.

**Signature Authority:** _____   K. Foley, Warden   **Date:** JUL 2 5 2016

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Rec'd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Doc 3

Toby K. Payne #1720023
Clements Unit
9601 Spur 591
Amarillo, TX 79107

***(Legal Mail)***

Attorney Shelley Langguth
Office for Civil Rights
Office of Justice Programs
U.S. Department of Justice
810 7th Street, NW
Washington, DC 20531

INSPECTED 16

X-RAYED

AUG 30 2016

DOJ MAILROOM



Doc 3

27

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

2016 SEP -6 PM 4: 06

Doc 3

28