IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TOBY KRISTOPHER PAYNE, <br> TDCJ-CID No. 01720023, <br><br> Plaintiff, <br><br> v. <br><br> JAMES SUTTERFIELD et al., <br><br> Defendants. | § § § § § § § § § § § § §    2:17-CV-211 |

**FILING FEE ORDER**

Before the Court is plaintiff's Application for Leave to Proceed *In Forma Pauperis*. The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners who have been granted leave to proceed *in forma pauperis* in a civil action or appeal to pay an initial partial filing fee. The PLRA further requires prisoners thereafter to pay the balance of the full filing fee ($350.00).[1]

The Court, having considered the application in light of the PLRA and pursuant to *Hatchet v. Nettles*[2] finds that the following order should be entered.

It is **ORDERED** that:

1. Plaintiff is granted leave to proceed pursuant to 28 U.S.C. § 1915.

2. The Court assesses an initial partial filing fee of $14.17 and the agency having custody of plaintiff shall forward the amount of such initial partial filing fee forthwith. If adequate funds do not exist in plaintiff's inmate account, or institutional equivalent, then the agency shall forward all available funds in such trust account to satisfy a portion of such initial

---

[1] An additional administrative fee of $50.00 is waived for a plaintiff proceeding *in forma pauperis*.

[2] *Hatchet v. Nettles*, 201 F. 3d 651(5th Cir. 2000).

partial filing fee, and shall forward all funds deposited into the trust account until the initial partial filing fee is paid in full.

3. After the initial partial filing fee has been satisfied, the agency having custody of plaintiff shall, when funds exist in plaintiff's inmate trust account, forward monthly installments as provided in 28 U.S.C. § 1915(b)(2) until the entire filing fee of $350.00 has been paid.

4. Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2).

5. Plaintiff shall not file any amendments or supplements to the complaint without prior Court approval. A complete amended complaint shall be attached to any motion to amend.

6. All discovery in this case is stayed until an answer is filed or until further order.

7. Plaintiff shall not file any motions for appointment of counsel until after proceedings conducted pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), or such other proceedings deemed appropriate by the Court.

8. Plaintiff shall promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

**NOTICE TO PLAINTIFF:**

**State law may require the forfeiture of good conduct time credits as a sanction for a state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Institutional Division that is dismissed as frivolous or malicious.** ***See*** **Tex. Gov't. Code Ann. § 498.0045 (Vernon Supp. 1997).**

The Clerk shall transmit a copy of this Order to plaintiff and to Inmate Trust Fund, Huntsville, Texas.

This order terminates docket entry number 4.

IT IS SO ORDERED.

ENTERED on March 29, 2018.

                                                LEE ANN RENO
                                                UNITED STATES MAGISTRATE JUDGE